IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Castanon Guel,<br><br>      Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>      Plaintiff/Respondent. | CR  11-01320 PHX PGR<br>CIV 12-00014 PHX PGR(MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On or about December 27, 2011, Mr. Juan Castanon Guel ("Movant") filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Movant filed an amended motion on March 12, 2012. Respondent filed a response (Doc. 8) to Movant's motion to vacate or set aside his sentence on April 26, 2012.

**I  Procedural History**

On May 27, 2011, Movant was found and arrested by law enforcement officers at the United States Port of Entry, San Luis, Arizona. See Response, Exh. A. On May 31, 2011, a complaint was issued alleging Movant had violated 8 U.S.C. §§ 1326, subsections (a) and (b)(1). On July 7, 2011, Movant pled guilty to an information filed that date alleging a violation of 8 U.S.C. § 1326, subsections (a) and (b)(1). Id., Exh. A.

On July 7, 2011, Movant entered into a plea agreement with the United States. Id., Exh. B. On September 29, 2011, Movant's counsel filed a motion to withdraw as counsel. On October 3, 2011, the District Court granted that motion and appointed new counsel.

On November 7, 2011, Movant's new counsel filed an objection to the Presentence Report. Movant argued that additional levels were improperly added to the base level for the crime of illegal reentry after deportation. On December 19, 2011, the District Court overruled the Movant's objection to the Presentence Report and sentenced Movant to a term of 46 months imprisonment, followed by three years of supervised release. Id., Exh. C.

Movant contends that he was improperly sentenced. Movant asserts that his crime was improperly aggravated based on a prior conviction which was erroneously construed by the sentencing court.

**II Analysis**

**Waiver of the right to a collateral attack**

Respondent asserts that this section 225 action must be dismissed because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement. The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. The sentence imposed on Movant was consistent with the terms of the plea agreement. Because the sentence imposed was in accordance with the plea agreement,

the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

A defendant's waiver of his right to a direct appeal and a section 2255 action is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. See United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005). However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005). See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in a plea agreement if the agreement was involuntary or

1  unknowing or where the agreement was otherwise unlawful. See
2  United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir.
3  2001)("[A] waiver of appeal may not be enforced against a
4  section 2255 petitioner who claims that ineffective assistance
5  of counsel rendered that waiver unknowing or involuntary.");
6  Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

7       Movant does not challenge the adequacy of his counsel's
8  representation in his section 2255 motion.  Movant asserts only
9  that the sentence imposed was unfair based on his actual
10 conduct.

11      Movant's contemporaneous statements regarding his
12 understanding of the plea agreement carry substantial weight in
13 determining if his entry of a guilty plea was knowing and
14 voluntary.  See United States v. Mims, 928 F.2d 310, 313 (9th
15 Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th
16 Cir. 1998)  (holding that "a straightforward and simple 'Yes,
17 your Honor' is sufficient to bind a Movant to [the] consequences
18 [of a plea agreement]."). Additionally, because he was
19 adequately informed of the consequences of his plea, Movant's
20 guilty plea can be considered voluntary and knowing. See Boykin
21 v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969).
22 The undersigned concludes Movant's guilty plea was voluntary and
23 made intelligently.  See Chizen v. Hunter, 809 F.2d 560, 562
24 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383
25 (9th Cir. 1986).

26      Because Movant does not produce any evidence indicating
27 he did not knowingly and voluntarily enter into the agreement,
28 the undersigned concludes the plea agreement was valid, as was

Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

**III Conclusion**

Movant waived his right to collaterally attack his convictions and sentences in his plea agreement. Movant has not established that his waiver of these rights was not knowing and voluntary.

**IT IS THEREFORE RECOMMENDED** that Mr. Castanon Guel's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not

exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 30th day of May, 2012.

_____
Mark E. Aspey
United States Magistrate Judge